WEINBERG ROGER & ROSENFELD
David A. Rosenfeld, Bar No. 058163
drosenfeld@unioncounsel.com
1375 55TH Street
Emeryville, CA 94608
Tel:   +1.510.337.1001
Fax:   +1.510.337.1023

Attorneys for Plaintiff
INTERNATIONAL ASSOCIATION OF
MACHINISTS & AEROSPACE WORKERS,
DISTRICT LODGE NO. 160, LOCAL LODGE 289

MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
eric.meckley@morganlewis.com
Joseph R. Lewis, Bar No. 316770
joseph.lewis@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105-1596
Tel:   +1.415.442.1000
Fax:   +1.415.442.1001

Attorneys for Defendant
PACIFIC MARITIME ASSOCIATION

(Counsel list continued on next page)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERNATIONAL ASSOCIATION OF MACHINIST & AEROSPACE WORKERS, DISTRICT LODGE NO. 160, LOCAL LODGE 289<br><br>Plaintiff,<br><br>vs.<br><br>SSA TERMINALS LLC; INTERNATIONAL LONGSHORE & WAREHOUSE UNION LOCAL 19; INTERNATIONAL LONGSHORE & WAREHOUSE UNION and PACIFIC MARITIME ASSOCIATION<br><br>Defendants. | Case No. 3:21-cv-01288-EMC<br><br>**INITIAL JOINT CASE MANAGEMENT STATEMENT** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 125381349.1

INITIAL JOINT CASE MANAGEMENT
STATEMENT
CASE NO. 3:21-CV-01288-EMC

GORDON & REES SCULLY MANSUKHANI
James McMullen, Bar No. 95853
jmcmullen@grsm.com
101 W. Broadway, Suite 2000
San Diego, CA 92101
Tel:  +1.619.230.7746
Fax:  +1.619.595.5746

Attorneys for Defendants
SSA TERMINALS LLC

LEONARD CARDER, LLP
Eleanor Morton, Bar No. 220407
emorton@leonardcarder.com
1188 Franklin Street, Suite 201
San Francisco, CA 94109
Tel./Cell: 415-336-9201
Fax: 415-771-7010

Attorneys for Defendants
INTERNATIONAL LONGSHORE & WAREHOUSE UNION;
INTERNATIONAL LONGSHORE & WAREHOUSE UNION LOCAL 19

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

DB1/ 125381349.1

1

INITIAL JOINT CASE MANAGEMENT
STATEMENT
CASE NO. 3:21-CV-01288-EMC

The Parties, Plaintiff International Association of Machinists and Aerospace Workers, District Lodge No. 160, Local Lodge 289 ("IAM" or "Plaintiff"), and Defendants Pacific Maritime Association ("PMA" or "Defendant PMA"), SSA Terminals LLC ("SSAT," or "Defendant SSAT"), and the International Longshore & Warehouse Union ("ILWU" or "Defendant ILWU"), jointly submit this Initial Case Management Statement pursuant to Fed. R. Civ. P. 26(f) and 16(b), the Standing Order for All Judges of the Northern District of California, and Civil Local Rule 16-9 in advance of the Case Management Conference scheduled for November 9, 2021 at 1:30 pm before the Court.

1. **Jurisdiction & Service**

One or more of Plaintiff's claims presents a federal question under 28 U.S.C. § 1331, 29 U.S.C. section 185, 29 U.S.C. section 187, 28 U.S.C. section 1337, and 28 U.S.C. sections 2201 and 2202. The parties dispute whether this Court has jurisdiction to adjudicate all of Plaintiff's claims.

Venue is proper in this District under 28 U.S.C. section 1391 and 29 U.S.C. sections 185 and 187, and the alleged conduct of Defendants affects interstate commerce. The arbitration award which Plaintiff seeks to vacate was issued in this District. Defendant ILWU has its principal office in this District and does business in this District. Defendant SSAT maintains an office in this District and does business in this District. Defendant PMA has its principal office in this District.

No parties remain to be served.

2. **Facts**

    A.    Plaintiff IAM's Statement.

This is a Petition to Vacate an Arbitration Award which was obtained in violation of various federal statutes. The IAM believes with the other parties that this matter should be stayed pending the outcome of the related NLRB proceedings as described below.

    B.    Defendants SSAT's, ILWU's, and PMA's Statement.

Defendants SSAT, ILWU, and PMA are parties to a collective bargaining agreement known as the Pacific Coast Longshore Contract Document ("PCLCD"). On November 30, 2020, the Coast Arbitrator under the PCLCD issued a decision labelled C-03-2020 finding that:

1. Under the record in this case, SSAT violated Section 1.76 of the PCLCD

2. SSAT will pay lost work opportunity claims for any future Seattle T-5 [Terminal 5] SSAT M&R [maintenance and repair] work not performed by ILWU-represented Mechanics.

On December 1, 2020, Defendant SSAT filed an unfair labor practice charge against Defendant ILWU alleging that the Award and ILWU's pursuit of contractual remedies relating to assignment of work at Terminal 5 in the Port of Seattle violated section 8(b)(4)(ii)(D) of the National Labor Relations Act ("NLRA"). SSAT filed an amended charge on December 3, 2020. On December 1, 2020, Plaintiff IAM also filed an unfair labor practice charge against ILWU alleging that the Award and ILWU's pursuit of contractual remedies relating to assignment of work at Terminal 5 in the Port of Seattle violated section 8(b)(4)(ii)(D) of the NLRA. IAM filed an amended charge on December 3, 2020 and other related charges.

On February 23, 2021, while the above unfair labor practice proceedings were being investigated by Region 19 of the NLRB, IAM filed this action against Defendants SSAT, ILWU, and PMA seeking to vacate the Award on the grounds that it violated sections 8(b)(4)(ii)(D) and (B) of the NLRA and seeking other remedies on the same or related bases. On the same date, IAM filed a motion to vacate the Award.

On March 8, 2021, this Court granted the Parties' stipulated request to extend all existing deadlines in this case by sixty days.

NLRB Region 19 subsequently investigated and, on April 9, 2021, issued a complaint captioned *International Longshore and Warehouse Union, et seq.,* NLRB Case Nos. 19-CD-269624, *et seq.* and based on the unfair labor practice charges described above filed by SSA and IAM. The Complaint alleges that ILWU violated section 8(b)(4)(ii)(D) in connection with the Award. NLRB Region 19 set the matter for hearing to begin on July 13, 2021.

The instant lawsuit and *International Longshore and Warehouse Union, et seq.,* NLRB Case Nos. 19-CD-269624, *et seq.* present overlapping legal and factual issues, including whether the Award and ILWU's pursuit of contractual remedies relating to the assignment of work at Terminal 5 in the Port of Seattle violate section 8(b)(4)(ii)(D) of the NLRA. Resolution of the legal and factual issues in the pending NLRB proceeding will likely inform and potentially resolve issues pending in the instant lawsuit.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 125381349.1

3

INITIAL JOINT CASE MANAGEMENT STATEMENT
CASE NO. 3:21-CV-01288-EMC

On April 21, 2021, the Parties submitted a Joint Stipulated Request to Stay Proceedings to avoid duplicative proceedings and inconsistent rulings. On April 23, 2021, the Court granted the Parties' stipulated Request.

The Parties engaged in three days of hearing before an NLRB Administrative Law Judge from September 7 to 9, 2021. Additional hearing days have been scheduled for December 6 and 8, 2021.

The Parties contemplate that there will be substantial briefing and no decision will issue from the Administrative Law Judge for several months after the completion of the hearing. It is likely that there will be an appeal to the full National Labor Relations Board from whatever decision is issued by the Administrative Law Judge.

### 3. Legal Issues

The legal issues in this case overlap with the legal issues that are being litigated in the pending NLRB proceeding. The central legal issue is whether ILWU's pursuit of contractual remedies relating to assignment of work at Terminal 5 in the Port of Seattle violated Section 8(b)(4)(ii)(D) of the NLRA.

### 4. Motions

There is a pending motion filed by IAM to vacate the Award, but all deadlines related to that Motion are currently suspended pursuant to the Stay. There are no other prior or pending motions. Defendants PMA and ILWU contend that it is premature to fully identify anticipated motions in this case until the outcome of the pending NLRB proceeding is known.

### 5. Amendment of Pleadings

The Parties propose a deadline of sixty (60) days after the existing Stay is lifted to amend the pleadings.

### 6. Evidence Preservation

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"). The Parties have already collected and produced substantial evidence pursuant to the subpoenas in the pending NLRB proceeding, and therefore discovery may not be necessary in this case.

### 7. Disclosures

Morgan, Lewis & Bockius LLP
Attorneys At Law
San Francisco

DB1/ 125381349.1

4

INITIAL JOINT CASE MANAGEMENT STATEMENT
CASE NO. 3:21-CV-01288-EMC

The Parties propose an initial disclosure deadline of thirty (30) days after the existing Stay is lifted.

## 8. Discovery

No discovery has been taken in this case to date. Because the Parties have already collected and produced substantial evidence pursuant to the subpoenas in the pending NLRB proceeding, discovery may not be necessary in this case. The Parties will be in a better position to determine whether discovery is needed in this case after the conclusion of the NLRB proceeding.

## 9. Class Actions

Not applicable.

## 10. Related Cases

The pending administrative proceedings, *International Longshore and Warehouse Union, et seq.*, NLRB Case Nos. 19-CD-269624, *et seq.*, present overlapping legal and factual issues, including whether the Award and ILWU's pursuit of contractual remedies relating to the assignment of work at Terminal 5 in the Port of Seattle violate section 8(b)(4)(ii)(D) of the NLRA.

## 11. Relief

Plaintiff seeks an order of this Court vacating the arbitration award of John Kagel attached as Exhibit B to the operative Complaint in this case (ECF 1-2, p. 1) for Declaratory Relief, for damages for itself, and its members, for attorneys' fees and for such other and further relief as are appropriate.

Defendants PMA and ILWU contend that the Award is final and binding and should not be vacated. Furthermore, Defendants PMA and ILWU contend that Plaintiff is entitled to no relief because Plaintiff is not a party to that Award.

Defendant ILWU further contends that Plaintiff lacks standing to pursue a claim for damages and the NLRB has exclusive jurisdiction to adjudicate any claims for non-monetary relief.

## 12. Settlement and ADR

5

INITIAL JOINT CASE MANAGEMENT STATEMENT
CASE NO. 3:21-CV-01288-EMC

DB1/ 125381349.1

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

The Parties have met and conferred regarding the possibility of ADR, but have not agreed on any procedure and believe that informal dispute resolution and any form of ADR is premature at this time.

### 13. Consent to Magistrate Judge For All Purposes

The Parties do not consent to a Magistrate Judge for all purposes.

### 14. Other References

The Parties do not believe any references to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation are appropriate at this time.

### 15. Narrowing of Issues

The Parties will be in a better position to determine, if necessary, whether issues can be narrowed after resolution of the pending administrative proceedings, *International Longshore and Warehouse Union, et seq.,* NLRB Case Nos. 19-CD-269624, *et seq*.

### 16. Expedited Trial Procedure

IAM believes that an expedited trial procedure may be appropriate because this is a Petition to Vacate an Arbitration Award. That issue could be resolved after the stay is dissolved.

Defendants ILWU and PMA do not believe an expedited trial procedure is appropriate for this case.

### 17. Scheduling

The Parties agree that a trial date should not be set until after the conclusion of the pending administrative proceedings, *International Longshore and Warehouse Union, et seq.,* NLRB Case Nos. 19-CD-269624, *et seq*. The estimated length of trial will depend on the factual and legal issues that remain in this case after the related NLRB proceedings are resolved.

### 18. Trial

The Parties agree to postpone specific consideration whether the case will be tried to a jury and the length of trial until after resolution of the pending administrative proceedings, *International Longshore and Warehouse Union, et seq.,* NLRB Case Nos. 19-CD-269624, *et seq*.

### 19. Disclosure of Non-party Interested Entities or Persons

Defendant SSAT filed its Certification of Interested Entities on February 26, 2021. There, SSAT certified that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

1. SSA Ventures, Inc.
2. SSA Containers, Inc.
3. SSA Marine, Inc.
4. Carrix, Inc.
5. Matson Ventures, Inc.
6. Matson Navigation Company, Inc.
7. Matson, Inc. (*This company is publicly traded*)
8. Blackstone Group, Inc.*, through Blackstone Infrastructure (*This company is publicly traded*)
9. Terminal Investment Limited SARL

Plaintiff IAM and Defendants ILWU and PMA will file their Certifications of Interested Entities on or before January 1, 2022.

**20. Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Morgan, Lewis & Bockius LLP
Attorneys at Law
San Francisco

DB1/ 125381349.1

7

INITIAL JOINT CASE MANAGEMENT STATEMENT
CASE NO. 3:21-CV-01288-EMC

| | |
|---|---|
| Dated: November 2, 2021 | WEINBERG ROGER & ROSENFELD |
| | By  /s/ David Rosenfeld |
| | David A. Rosenfeld |
| | Attorneys for Plaintiff<br>INTERNATIONAL ASSOCIATION OF MACHINISTS & AEROSPACE WORKERS, DISTRICT LODGE NO. 160, LOCAL LODGE 289 |
| Dated: November 2, 2021 | MORGAN, LEWIS & BOCKIUS LLP |
| | By  /s/ Joseph R. Lewis |
| | Eric Meckley<br>Joseph R. Lewis |
| | Attorneys for Defendant<br>PACIFIC MARITIME ASSOCIATION |
| Dated: November 2, 2021 | GORDON & REES SCULLY MANSUKHANI |
| | By  /s/ James McMullen |
| | James McMullen |
| | Attorneys for Defendants<br>SSA TERMINALS LLC |
| Dated: November 2, 2021 | LEONARD CARDER, LLP |
| | By  /s/ Eleanor Morton |
| | Eleanor Morton<br>Attorneys for Defendants<br>INTERNATIONAL LONGSHORE & WAREHOUSE UNION;<br>INTERNATIONAL LONGSHORE & WAREHOUSE UNION LOCAL 19 |

FILER'S ATTESTATION

I, Joseph R. Lewis, pursuant to L.R. L.R. 5-1(i)(3), attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

By: /s/ Joseph R. Lewis
Joseph R. Lewis

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 125381349.1

8

INITIAL JOINT CASE MANAGEMENT STATEMENT
CASE NO. 3:21-CV-01288-EMC